# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE FRANKLIN RATHY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-802 |
| | ) | Magistrate Judge Bissoon |
| v. | ) | |
| | ) | |
| EDWARD G. RENDELL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff is a state prisoner serving a sentence for rape. Plaintiff asserts that his constitutional rights were violated during the investigation into the rape. More specifically, Plaintiff asserts that Armstrong Memorial Hospital should have billed the Pennsylvania State Police for blood tests performed on him on June 14, 2005 as part of the investigation, but that the test was improperly billed to "Medicare, Medicaid" or "Pennsylvania Medical Assistance" (Doc. 2, p. 3). Plaintiff asserts that this billing discrepancy somehow amounts to a violation of his civil rights, and he seeks relief in the nature of compensatory and punitive damages, as well as declaratory relief. Plaintiff has been granted leave to proceed *in forma pauperis*, and has consented to the undersigned exercising jurisdiction in this matter (Doc. 4).

 A. **Applicable Law.**

Congress has mandated that courts review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In determining whether Plaintiff has stated a claim upon which relief can be granted, the standard of Federal Rule of Civil Procedure 12(b)(6) is applicable, i.e., dismissal is appropriate if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint possesses "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009).

Plaintiff asserts liability against Defendants pursuant to 42 U.S.C. § 1983, which requires that Plaintiff allege: 1) that the asserted misconduct was committed by a person acting under color of state law ("state action"); and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988).

**B. Analysis**

As noted above, it appears that Plaintiff's only complaint centers on the entity that was charged for the blood tests performed on June 14, 2005.[1] Plaintiff's claim amounts to nothing

---

[1] Although Plaintiff complains in passing concerning his criminal conviction, he does not appear to be making any claims that his constitutional rights were violated in the course of his trial and conviction. If Plaintiff is making any such claims, however, they are barred. A prisoner may not bring a civil rights suit if its success would render invalid a criminal conviction that has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). Where a Section 1983 claim, "if successful, would have the hypothetical effect of rendering [a] criminal conviction or sentence invalid," then the claim is barred until the conviction is overturned. Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir. 2005) (cites and quotes omitted).

more than a billing dispute with Armstrong Memorial Hospital. This does not state a civil rights claim because it does not involve state action, Blum v. Yaretsky, 457 U.S. 991 (1982) (medical providers not state actors for purposes of 42 U.S.C.A. § 1983), and because Plaintiff has not identified any deprivation **he** has allegedly suffered. Plaintiff does not allege that he was made to pay the hospital bill, but instead argues that there was an error made in determining which government agency should have been billed. Plaintiff simply has not stated a claim under Section 1983.

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Here, the Court cannot conceive of an amendment that would result in a colorable Section 1983 claim in this case. Therefore, amendment would be futile.

AND NOW, this 16th day of June, 2010,

IT IS HEREBY ORDERED that this case is DISMISSED in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Motion to Appoint Counsel (Doc. 5) is DENIED because he has no valid underlying claim. The Clerk is directed to mark this case CLOSED.

s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

cc:
**GEORGE FRANKLIN RATHY, SR.**
GN-1226
SRCF Mercer
801 Butler Pike
Mercer, PA 16137